| | |
|---|---|
| Blanche Eva Gendron<br>vs.<br>J. C. & Morris Falk | No. 85488. |
| Blanche Eva Gendron<br>vs.<br>Joseph C. Falk, et al. | No. 85489. |
| Blanche Eva Gendron<br>vs.<br>Joseph C. Falk, et al. | No. 85490. |

March 29, 1933.

POULIOT, J. These are three cases brought under the provisions of Chapter 171, Sections 1 and 8 of the General Laws 1923, in each of which the jury returned a verdict for the plaintiff.

In No. 85488 the defendant moves for a new trial on the usual grounds and in the other two cases the plaintiff seeks a new trial principally on the ground that the damages awarded are inadequate.

On January 28, 1931, Mrs. Gendron and her two children were living at the Turcotte House at No. 309 Social Street in Woonsocket. That evening between 6:30 and 7 o'clock a serious fire broke out in the building. Mrs. Gendron received painful injuries. One child lost his life in the burning building and the other died from the injuries he received.

The liability in this case depends on whether or not the defendants' property was used for the accommodation of transient guests, it being admitted that the building contained no means of escape as required by the provisions of Chapter 171.

Many witnesses appeared on each side of the case. A careful analysis of their testimony reveals that a large part of the evidence is of a negative character. The evidence of transient use simmers down to the testimony of three witnesses, Raymond S. Lagace, Arthur Savoie and Emma Turcotte. Lagace related specific instances of a room being hired for a night at a time by a man named La Rose, who worked at Bridgeport but lived with his parents on Mendon Road. This had occurred on several occasions, the last time being the Saturday night preceding the fire. Savoie testified he was a roomer in the Turcotte House and once a week a cigar salesman took a room there over night. Savoie, Baker, the cigar salesman, and two other roomers played cards in Baker's room almost all night and Baker would leave the next morning.

There is also other testimony from people who occupied rooms in the building that tends to indicate transients were seen there but it is not definite and, after explanations given by Mrs. Turcotte, has somewhat of a problematical value. Mrs. Turcotte denies she ever accommodated any transients and, using a blue print of the building, gave the names of the various occupants of the rooms at the time of the fire. These were brought in but the substance of their testimony is that they did not see any transients or that there were no transients there to their knowledge.

The jury evidently believed Lagace and Savoie as against Mrs. Turcotte, and, considering the atmosphere of the case, the Court cannot say that it was not justified in so doing, but the amounts of the verdicts indicate to the Court that the jury misconceived its duty as no one of the three is sustainable.

The verdict awarding damages to Mrs. Gendron for her personal injuries is so excessive and the verdicts in the other two cases are so small that the jury could not have based them on the evidence. The Court feels that sympathy for the bereaved mother had as much to do with the verdicts as the evidence and that these cases should be submitted to another jury.

Defendants' motion for a new trial in No. 85488 and plaintiff's motions for a new trial in Nos. 85489 and 85490 are granted.

For plaintiffs: John R. Higgins.

For defendants: Sherwood & Clifford.